UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

IN RE:   Paul & Carrie DesRoche,            Case # 10-14170-JMD
                        Debtors             Chapter 13

ORDER CONFIRMING CHAPTER 13 PLAN
AND
ORDER SETTING DEADLINES FOR CERTAIN ACTIONS

After notice and due consideration regarding the confirmation of the Debtors' Chapter 13 Plan, the Court finds that the Plan complies with all provisions of the United States Bankruptcy Code and that it is in the best interests of all creditors, the Debtors and the estate.

It is hereby ORDERED that the Debtors' Chapter 13 Plan dated October 20, 2010 is confirmed as filed or as modified at the plan confirmation hearing, subject to (i) resolution of actions to determine the avoidability, priority, or extent of liens, (ii) resolution of all disputes over the amount and allowance of claims entitled to priority, (iii) resolution of actions to determine the allowed amount of secured claims, and (iv) resolution of all objections to claims.  Terms of the Debtors' Plan not expressly modified by this order are incorporated in this order and made a part hereof by reference.

**I. The Court retains jurisdiction to make such other and further orders as may be necessary or appropriate to effectuate the plan and this order.**

A.  The Debtors shall make payments of $280.00 per month for 60 months, commencing October 29, 2010.  The total of all Plan payments will be $16,800.00.  In addition, any annual tax refunds received in excess of $1,200.00 shall be remitted to the Chapter 13 Trustee as additional Plan payments.

B.  The Plan is confirmed on an interim basis to provide payment to secured and priority creditors pursuant to their timely filed claims.  The Trustee is authorized to make distributions to such creditors from plan payments with percentage fee.  The amount available for allowed unsecured claimants will be determined following notice and hearing after the bar date for filing claims has passed.

**C. The claims as of the date of this motion are as follows:**
1. Attorney Paul Petrillo (priority; subject to approval of the Court)  1,000.00
2. HFC-USA (residential second mortgage; see Special Provisions below)
3. HSBC/Polaris (secured; see Special Provisions below)
4. HSBC/Polaris (secured; see Special Provisions below)
5. John Deere Credit (secured; see Special Provisions below)
6. Northeast Credit Union (secured; see Special Provisions below)
7. TD Bank, NA (secured; see Special Provisions below)
8. Chapter 13 Trustee fees and expenses  1,680.00

**D. Secured claims with regularly scheduled payments to be made directly by the debtors:**

HFC-USA (residential first mortgage re 36 Cavil Mill Road, Fremont, New Hampshire)

Ford Motor Credit (auto loan re 2008 Lincoln MKX)

**II.  Special Provisions:**

1. The secured second mortgage claim regarding 36 Cavil Mill Road, Fremont, New Hampshire held by HFC-USA has been deemed by the Court to be wholly unsecured.  The claim will be paid pro rata along with the other allowed unsecured claims in due course.  Upon the issuance of a Chapter 13 discharge following the completion of the Plan payments, the lien shall be deemed void.

2. The debtors shall surrender the 2008 Polaris Sportsman 500 to its lienholder, HSBC/Polaris.

3. The debtors shall surrender the 2008 Polaris Sportsman 300 to its lienholder, HSBC/Polaris.

4. The debtors shall surrender the John Deere tractor to its lienholder, John Deere Credit.

5. The debtors shall surrender the 2009 Ford F150 to its lienholder, Northeast Credit Union.

6. The debtors shall surrender the 2008 VW Jetta to its lienholder, TD Bank, NA.

**III.  It is FURTHER ORDERED as follows:**

A.  If the Plan contemplates litigation or the sale of assets as a source of funding, the Debtors shall file application(s) to employ the necessary professionals within 30 days of the date of this order.

B.  As soon as practicable after the claims bar date, but no later than 90 days thereafter, the Debtors or the Trustee shall file a Motion to Allow Claims and, if warranted, a Motion to Avoid Judicial Liens.  Upon entry of an Order on such motion(s), the Plan shall be deemed amended to conform to the Order.  If the Motion to Allow Claims is not filed within that time, the Court may order the Debtor to show cause why the case should not be dismissed or converted or why an order should not enter allowing all claims as filed.  Failure to file a motion seeking avoidance of judicial liens within the time provided by this paragraph does not bar such a motion at a later time.

C.  Except as otherwise addressed in the Motion to Allow Claims, all objections to claims, all actions to determine the avoidability, priority or extent of liens, all actions concerning the allowance or amount of claims entitled to priority under Sec. 507, and all actions to determine value of collateral pursuant to Sec. 506, shall be filed no later than 30 days after the Motion to Allow Claims.

**ORDER:**

After due consideration, the Debtors' Plan dated October 20, 2010 is hereby confirmed.

/s/  J. Michael Deasy
_____
Bankruptcy Judge

February 28, 2011